906 A.2d 429

**Rene HERNANDEZ**

v.

**Yolanda HERNANDEZ.**

**No. 1827, Sept. Term, 2004.**

Court of Special Appeals of Maryland.

Sept. 1, 2006.

**680**

Rene G. Hernandez, Pro Se.

Rhonda W. Moody, Bowie, for appellee.

Panel DAVIS, EYLER, JAMES R., KRAUSER, JJ.

KRAUSER, J.

Appellant Rene Hernandez, a captain on active duty in the United States Army, filed suit in the Superior Court of Bayamon, Commonwealth of Puerto Rico, seeking a divorce from his wife, appellee Yolanda Hernandez, who was then living in Maryland with the couple's minor child. When appellee failed to file a response to that suit, the Puerto Rico court granted appellant a divorce, while granting custody of the minor child to appellee. In the meantime, appellee brought a more expansive divorce action in Maryland. Filing a complaint for absolute divorce in the Circuit Court for Anne Arundel County, appellee sought sole custody of their child, as well as child support, alimony, and distribution of the marital assets.

After appellant filed an answer to the Maryland suit, a trial was scheduled to commence in the Anne Arundel County circuit court on a date agreed to by both parties. In the weeks leading up to trial, appellant filed several motions to stay the proceedings pursuant to 50 App. U.S.C. § 522. That section requires a court, if certain conditions are met, to grant a servicemember's request for a stay of proceedings in a civil case for at least 90 days. All of those motions were denied, including the last, which contained a letter signed by appellant's commander attesting to his unavailability.

A trial, in appellant's absence, was held, as scheduled. When that ex parte proceeding concluded, the circuit court found that the parties had been divorced by the Puerto Rico court, granted appellee custody of the parties' minor child, as well as rehabilitative alimony, child support, and a share of appellee's military pension on an "if, as and when" basis.

Appealing from that order, appellant presents six questions for our review, but only two are relevant to this appeal.[1] Stripped of argument, they are:

I.  Whether the circuit court had jurisdiction over appellant and the subject matter of the action.

II.  Whether the circuit court erred in denying appellant's motions for stay of proceedings pursuant to 50 App. U.S.C. §§ 521 and 522.

For the reasons that follow, we hold that the Anne Arundel County circuit court did, in fact, have personal jurisdiction over appellant as well as jurisdiction over the subject matter of this action. But we shall vacate the judgment of that court because it failed to stay the proceedings, pursuant to 50 App. U.S.C. § 522, as appellant requested. Having resolved this appeal on that issue, we need not address appellant's other concerns.

## BACKGROUND

The following facts are not in dispute: On June 5, 1992, the parties were married in Panama City, Panama. On July 27, 1994, they had a child. Although the parties disagree as to who left whom, they do agree that, by February of 2001, the marriage was, in essence, over. At that time, appellant, who was and still is an active member of the United States Armed Forces, received orders to relocate to Puerto Rico. In compliance with those orders, he left for Puerto Rico. When that occurred, appellee and the parties' child moved to Anne Arundel County, Maryland, to live with appellee's sister.

---

1.  Appellant's other questions presented were as follows:

I.  Whether the circuit court failed to give full faith and credit to a divorce decree issued by a Puerto Rico court.

II.  Whether the circuit court erred in treating appellant's military pension as a marital asset.

III.  Whether the circuit court erred in using the typical formula for dividing the marital assets.

IV.  Whether the circuit court erred in awarding alimony, child support, and attorney's fees against appellant, a non-resident of Maryland.

In May of 2001, appellant filed for a divorce in Florida. Appellant was not certain where appellee and their child were living at the time, and it is unclear from the record whether appellee was actually served with process. In any event, the Florida court granted him a judgment of divorce in 2001. But that judgment was set aside upon appellee's motion, which successfully argued that the Florida court lacked personal jurisdiction over her.

On August 12, 2003, appellant again filed for a divorce, but, this time, in the Superior Court of Bayamon, Puerto Rico, and that suit was personally served on appellee. When appellee neither appeared nor filed an answer in the Puerto Rico proceedings, the Puerto Rico court issued a decree on November 5, 2003, dissolving the marriage. In so doing, it granted sole custody of the minor child to appellee and ordered appellant to pay child support in the amount of $349 per month.

While the Puerto Rico divorce proceedings were pending, on August 28, 2003, appellee filed a complaint for absolute divorce in the Circuit Court for Anne Arundel County, requesting custody of the minor child, child support, permanent alimony, and a distribution of marital property. After filing an answer, appellant moved to dismiss the action, attaching to his motion the November 5th Puerto Rico divorce decree. In an opposition to that motion, appellee argued that the Puerto Rico court did not have jurisdiction over issues of marital property, alimony, child custody or support. The circuit court agreed and denied appellant's motion to dismiss.

On January 12, 2004, appellee filed a supplemental complaint, again requesting that the circuit court distribute the marital property, grant her custody of the minor child, as well as alimony and child support. On January 22, 2004, appellee advised the circuit court that he had been transferred from Puerto Rico to San Antonio, Texas. On February 5, 2004, appellant's attorney entered an appearance. On February 18, 2004, the parties attended a scheduling conference; at which time they agreed, and the court later ordered, that a pre-trial

hearing be held on July 6, 2004. After that hearing, the circuit court scheduled trial for September 8, 2004, a date agreed upon by the parties. Although appellant knew, at that time, that he might be deployed to Colombia, South America, in the near future, he did not know the precise date on which that was to occur.

On July 21, 2004, concluding that he could no longer afford his attorney's services, appellant sent him a letter terminating his representation. On July 23, 2004, after receiving the letter, appellant's counsel filed a motion to withdraw his appearance. On August 3, 2004, appellee filed a response to that motion, stating that she opposed the motion on the grounds that it would postpone the trial. On August 11, 2004, the circuit court issued an order "defer[ring] action on the motion [to withdraw appearance] until either: (1) The pending 9/8/04 trial [was] completed, (2) Defendant obtain[ed] another attorney as a substitute or (3) Defendant fil[ed] a written statement, indicating that he intends to represent himself *at trial* and, *therefore that he will not ask for any postponements in order to obtain an attorney.*" (Emphasis in original.) On August 10, 2004, appellant filed a written statement informing the circuit court of his intent to proceed *pro se*.

A month before trial, on August 11, 2004, appellant filed his first motion to stay the proceedings pursuant to 50 App. U.S.C. § 521, now § 522. In that pro se motion, appellant stated that he had received orders from the United States Army to move to Colombia, South America, for twelve months starting September 26, 2004. He further stated that a mandatory training course required him to report to Fort Bragg, North Carolina, by September 19, 2004, and that, to comply with all the requirements for his permanent change of station, he had to begin "out-processing procedures" on September 2, 2004. The "out-processing procedures" included, among other things, obtaining passports, visas, and other paperwork, as well as attending medical and dental appointments.

Appellant further stated that his ability to defend the divorce action would be "materially affected" by his active

duty service and his permanent change of station to Colombia and that the nature of his duties before and during deployment would prevent him from attending the trial as scheduled and from communicating effectively with the circuit court. In support of his motion, appellant attached his orders for permanent change of station, which contained a list of administrative requirements, and a letter from his commanding officer stating that appellant's current military duty prevented him from appearing at the September 8th trial. He did, however, indicate that he would be available for trial after October 1, 2005.

On August 25, 2004, two weeks before trial, appellant filed a second motion for stay of proceedings. The second motion reiterated the assertions contained in the first motion, but, unlike the first motion, it was prepared by counsel.

On August 31, 2004, a week before trial, the circuit court denied appellant's motion for stay of proceedings on the grounds that appellant's motion "ha[d] not provided evidence that a request for leave would not be granted for the" September 8th trial. That same day, the circuit court permitted appellant's attorney to withdraw his appearance.

On September 7, 2004, one day before the scheduled trial, in response to the circuit court's order of August 31st, appellant submitted a third motion for stay of proceedings. The motion was pursuant to 50 App. U.S.C. § 522(b), and, in the alternative, pursuant to 50 App. U.S.C. § 521.[2] To that motion,

---

2. Section 521 provides, in pertinent part:

(d) Stay of proceedings
In an action covered by this section in which the defendant is in military service, the court shall grant a stay of proceedings for a minimum period of 90 days under this subsection upon application of counsel, or on the court's own motion, if the court determines that—
(1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant; or
(2) after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists.
(e) Inapplicability of section 202 procedures

appellant attached a letter from his commanding officer stating that his military duty prevented him from appearing in court on September 8, 2004, and that his request for leave was denied. Appellant also stated that he would be available to appear in court after October 1, 2005. Because the motion was submitted over Labor Day weekend, the circuit court received the motion in "open court" on the morning of September 8, 2004.

After the court denied that motion, an ex parte trial ensued. When the trial ended, the circuit court issued an order finding that the parties were divorced by the Puerto Rico court, awarding custody of the parties' minor child to appellee, directing appellant to pay child support in the amount of $662 per month, and awarding rehabilitative alimony to appellee. It further granted appellee a share of appellant's military pension on an "if, as and when" basis, ordered an equal division of the parties' jointly owned tangible property, and instructed appellant to pay $2,000 of appellee's attorney's fees.

## MOTION TO SUPPLEMENT

On October 18, 2005, appellant filed a Motion to Supplement Initial Brief and Record on Appeal. Because this motion is unopposed and would provide helpful information to this Court, we shall grant it.

## DISCUSSION

### I.

■ Appellant contends that the circuit court lacked personal jurisdiction over him and subject-matter jurisdiction over this action. This argument is without merit.

---

A stay of proceedings under subsection (d) shall not be controlled by procedures or requirements under section 202 [section 522 of this Appendix].

(f) Section 202 protection

If a servicemember who is a defendant in an action covered by this section receives actual notice of the action, the servicemember may request a stay of proceeding under section 202 [section 522 of this Appendix].

Appellant has waived the defense of lack of personal jurisdiction by failing to comply with Maryland Rule 2–322(a). That rule states, in part: "The following defenses shall be made by motion to dismiss filed before the answer, if an answer is required," and then specifies lack of jurisdiction over the person, among others. It then warns, "If not so made and the answer is filed, these defenses are waived." Because appellant failed to file a separate motion to dismiss before he filed an answer containing such a request, appellant waived this defense and thereby consented to personal jurisdiction.

■ The circuit court also had jurisdiction over the subject matter of this action. Maryland Code (1984, 2004 Repl.Vol.), § 1–201 of the Family Law Article states that an equity court has jurisdiction over divorce, alimony, custody of a child, and support of a child. In addition, Family Law § 8–202 permits a court, when granting a divorce, to resolve any dispute between the parties regarding the ownership of personal and real property. Furthermore, Family Law § 7–101 states: "(a) *Residence requirement.*—If the grounds for the divorce occurred outside of this State, a party may not apply for a divorce unless 1 of the parties has resided in this State for at least 1 year before the application is filed."

Appellant does not contest that appellee had been living in Maryland for the requisite time period before filing her complaint. In his brief, appellant states that, "At the beginning of 2002, Appellant was aware that Appellee was in Maryland," and elsewhere, in his brief, he refers to appellee having moved to Maryland in 2002. Thus, appellant's claims of lack of both personal and subject matter jurisdiction have no merit.

## II.

Appellant also contends that the circuit court erred in denying his motions to stay the proceedings pursuant to the Servicemember's Civil Relief Act, 50 App. U.S.C. § 522 or, in the alternative, 50 App. U.S.C. § 521. This argument is more persuasive.

■ Because the issue is the circuit court's interpretation of that statute, and, thus, a question of law, our review of the circuit court's decision is *de novo.* *E.g., Harvey v. Marshall,* 389 Md. 243, 257, 884 A.2d 1171 (2005); *Mohan v. Norris,* 386 Md. 63, 66–67, 871 A.2d 575 (2005). And it constrains us to conclude that the circuit court should have granted appellant's third and last motion for a stay of the trial proceedings pursuant to 50 App. U.S.C. § 522. That section states, in part:

(a) Applicability of section

This section applies to any civil action or proceeding in which the plaintiff or defendant at the time of filing an application under this section—

(1) is in military service or is within 90 days after termination of or release from military service; and

(2) has received notice of the action or proceeding.

(b) Stay of proceedings

(1) Authority for stay

At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and *shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.*

(2) Conditions for stay

An application for a stay under paragraph (1) shall include the following:

(A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

(B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 App. U.S.C. § 522(a)-(b) (emphasis added). The statute thus required the circuit court to grant appellant's motion to stay if he satisfied the conditions in § 522(b)(2)(A) and (B). He did.

In his first motion, appellant stated that his "ability to prosecute or defend is 'materially affected' by reason of his active duty service." He explained that he would be stationed in Colombia, South America, for twelve months starting September 26, 2004, and that, to prepare for his deployment, he had to begin "out-processing procedures" on September 2, 2004. Those procedures included "appointments with hospital, dental, housing, Central Issue Facility, finance, personnel office, Post Office, AAFES, Officer's club, and company head-quarters." He further stated that he needed to obtain "passports, visas, training, and country clearance," as well as "receive country briefing and all the required paperwork" and "organize family and personal affairs."

In addition, he stated that his duties would prevent effective communication between him and the circuit court, but that he would be available for trial after October 1, 2005. And finally, appellant attached a copy of his permanent change of station orders, which described the tasks appellant had to complete before departure. Appellant's first motion thus clearly constituted "[a] letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear." § 522(b)(2)(A).

Appellant also satisfied § 522(b)(2)(B). Attached to his third motion was a letter from Captain Christopher Boris, stating that he was appellant's commanding officer, that appellant's leave request for September 7–10, 2004, was denied, and that appellant's current military duty prevented him from appearing in court on September 8, 2004. This statement satisfied the requirement that the servicemember include "[a] letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not

authorized for the servicemember at the time of the letter." § 522(b)(2)(B). Therefore, by the time appellant filed his third motion, he had submitted everything that § 522(b)(2) requires.

Because appellant satisfied both statutory requirements, the circuit court was required to grant the stay appellant requested. The statute leaves no room for judicial discretion.[3] It states that the court "shall, upon application by the servicemember, stay the action" if the servicemember satisfies the two conditions. § 522(b)(1). Thus, it was error for the circuit court to have failed to do so.

---

**3.** Before 2003, the statute, which was then known as the Soldiers' and Sailors' Civil Relief Act, did not require the court to grant a stay if the conditions were met. The previous version of § 522 (formerly § 521) stated:

> Stay of proceedings where military service affects conduct thereof
>
> At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501 to 591 of this Appendix], *unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.*

50 App. U.S.C. § 521 (1990) (emphasis added). That is, under the previous iteration of the statute, the court had discretion to deny a stay if it believed the servicemember's military service would not materially affect his ability to prosecute or defend the action.

In 2003, Congress amended the Act, renaming it the "Servicemember's Civil Relief Act," and removing the discretionary power of the court to deny a stay:

> *This expanded section would require a 90–day stay upon application of the servicemember if certain conditions are met. . . .*
>
> *Stays should be automatic* if they meet several important criteria which adequately place the court on notice when a case may proceed. First, section 202 [50 App. U.S.C. § 522] would place an obligation on the servicemember to demonstrate material affect by providing a factual basis for supporting the stay request. . . .
>
> Second, section 202 would require a letter from the servicemember's unit commander affirming that the servicemember's military duty prevents an appearance. Equipped with this information, the court would be able to make a more informed judgment as to when the litigation may proceed.

H.R.Rep. No. 108–81, at 35, 37–38 (2003), *as reprinted in* 2003 U.S.C.C.A.N. 1407, 2380, 2382 (emphasis added).

It should be noted that the mandatory aspect of the statute relates merely to the court granting an initial stay of not less than 90 days. The statute further provides:

(d) Additional stay

(1) Application

A servicemember who is granted a stay of a civil action or proceeding under subsection (b) may apply for an additional stay based on continuing material affect of military duty on the servicemember's ability to appear. Such an application may be made by the servicemember at the time of the initial application under subsection (b) or when it appears that the servicemember is unavailable to prosecute or defend the action. The same information required under subsection (b)(2) shall be included in an application under this subsection.

(2) Appointment of counsel when additional stay refused

If the court refuses to grant an additional stay of proceedings under paragraph (1), the court shall appoint counsel to represent the servicemember in the action or proceeding.

§ 522(d). Thus the circuit court was required to grant a stay of at least 90 days. At the conclusion of whatever period of time it granted, the court then had the authority to deny any further stays, provided it appointed counsel to represent appellant in his absence.

**MOTION TO SUPPLEMENT INITIAL BRIEF AND RECORD ON APPEAL GRANTED. JUDGMENT VACATED AND CASE REMANDED TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.**